UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| COURTNEY R. LOGAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:13-cv-00743 |
| | ) | Judge Trauger |
| STATE OF TENNESSEE, | ) | |
| JOHN HOWERTON, Warden, | ) | |
| and ROBERT E. COOPER, JR., | ) | |
| | ) | |
| Respondents. | ) | |

## M E M O R A N D U M

The petitioner, Courtney[1] Logan (petitioner or Logan), proceeding *pro se*, is currently incarcerated at the Wilkinson County Correction Facility in Woodville, Mississippi. The petitioner previously was confined in Tennessee where he was convicted of attempted first-degree murder and employing a firearm during a dangerous felony. (Docket No. 1 at p. 5).

**I.    Background**

On April 23, 2012, Logan filed his first *pro se* petition for writ of *habeas corpus* under 28 U.S.C. § 2254 in this court. (Case No. 3:12-cv-00550, Docket No. 1). The court dismissed the petition without prejudice to refile once the petitioner exhausted his state court remedies, noting the petitioner asserted that an appeal of his underlying state court convictions was pending.[2] (*Id.*, Docket No. 13)(Sharp, J.). The dismissal was also without prejudice with regard to the petitioner's ability to refile the petition under 28 U.S.C. § 2241 in the proper venue. (*Id.*)

The petitioner filed a notice of appeal with the Sixth Circuit (*Id.*, Docket No. 17). The Sixth

---

[1]The petitioner's name is spelled "Cortney" on the docket sheet in Case No. 2009-C-2822 in Davidson County Criminal Court but the petitioner has spelled his name "Courtney" in all documents submitted to this court.

[2]It is unclear why Logan argued in Case No. 3:12-cv-00550 that an appeal was pending in his Tennessee state criminal case. This court can find no record of an appeal being filed. It is possible that Logan, acting *pro se*, misunderstood his motion for a new trial to be a type of appeal.

Circuit directed this court to determine whether a certificate of appealability would issue (*Id.*, Docket No. 20). This court denied the certificate of appealability (*Id.*, Docket No. 18), and the petitioner appealed to the Sixth Circuit. On September 11, 2012, the Sixth Circuit found that the record did not establish that the petitioner exhausted his state remedies and denied the certificate of appealability. (*Id.*, Docket No. 26).

Presently pending before the court are the petitioner's second writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 in this court[3] (Docket No. 1), "Motion to Prepair [sic] Objection to Motion to Dismiss and Memorandum in Support" (Docket No. 28), and motion for appointment of counsel (Docket No. 29). Also pending is a Motion to Dismiss by the State of Tennessee (Docket No. 26). The petitioner alleges that, in an attempt to exhaust his state remedies as per the courts' orders, he has filed numerous petitions, motions, and complaints in state and federal courts in Tennessee and Mississippi. (Docket Nos. 1, 15, 16, 20, 24, 28). However, the petitioner alleges that he cannot accomplish an exhaustion of state remedies because the state court refuses to rule on his motion for a new trial and because he lacks access to Tennessee law while incarcerated in Mississippi.

## II.     Exhaustion of Administrative Remedies

It is axiomatic that one may not seek federal *habeas corpus* relief until he has exhausted all available state remedies or demonstrated their inadequacies. 28 U.S.C. § 2254(B); *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995). Any alleged constitutional deprivation must be asserted through the state appellate process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, [the Supreme Court]

---

[3]Logan alleges that his transfer from Tennessee to Mississippi violated the Interstate Agreement on Detainers Act, his due process rights are being violated by the states and/or courts of Tennessee and Mississippi, he received ineffective assistance of counsel by Tennessee trial counsel, and that he has been denied access to courts and counsel while being extradited to and incarcerated in Mississippi. (Docket No. 1). Logan names as respondents the State of Tennessee, Warden John Howerton, and Robert E. Cooper, Jr. (*Id.*)

2

conclude[s] that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id*. The burden is on the petitioner to demonstrate compliance with the exhaustion requirement or that the state procedure would be futile. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Section 2254(b)(1) states in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b); *Rose v. Lundy*, 455 U.S. 509 (1982).

### III. Respondent's Motion to Dismiss for Failure to Exhaust State Remedies

The respondent seeks dismissal of the petitioner's instant § 2254 petition on grounds that he, as with his first § 2254 petition, has failed to exhaust available state remedies. The respondent points out that the petitioner has not yet presented his Interstate Agreement on Detainers Act claim to the Tennessee Court of Criminal Appeals. (Docket No. 27 at pp. 1-4). The respondent also argues that the petitions for writs of mandamus filed directly with the Tennessee Supreme Court do not excuse the petitioner's failure to exhaust. (*Id.* at pp. 3-4). Because avenues of state court appellate review still exist, says the respondent, this action should be dismissed without prejudice again so as to allow the petitioner to present each of his claims to the state courts for proper adjudication. (*Id.*)

The petitioner, however, maintains that he has attempted to exhaust his state court remedies

3

– to no avail. Specifically, the petitioner contends that, in 2011, he filed a motion for a new trial in Davidson County Criminal Court before Judge Seth Norman, and that no action has been taken on his motion to date. The court obtained a copy of the docket sheet in Logan's state criminal case from the Davidson County Criminal Court Clerk (Case No. 2009-C-2822). The court hereby takes judicial notice of the proceedings in the Davidson County Criminal Court as set forth in the docket sheet provided by the Davidson County Criminal Court Clerk. *See Lyons v. Stovall*, 188 F.3d 327, 333 n.3 (6th Cir. 1999)(holding that federal courts may take judicial notice of proceedings in other courts of record); *Lee v. Dell Products*, 236 F.R.D. 358, 361 (M.D. Tenn. 2006)(citing *Lyons* and holding that federal courts may take judicial notice of procedural aspects of pleadings that are relevant to the current matter). The docket sheet confirms that a motion for a new trial was filed on February 25, 2011,[4] but contains no further notations with regard to the motion. As such, the current status of the petitioner's motion and underlying Tennessee state convictions is unclear. The respondent has provided no clarification on this issue.[5]

Furthermore, documents submitted by the petitioner indicate that, as recently as November 4, 2013, the petitioner's attorney[6] was attempting to arrange a video appearance for the petitioner with the Mississippi Department of Corrections with regard to his "client whose motion for new trial hearing has been pending for two years because we can't seem to get him transported back from Mississippi where he is serving a lengthy sentence." (Docket No. 24 at pp. 32-34). The respondent has provided no evidence to the contrary.

---

[4] The docket sheet does not reflect whether the motion was filed *pro se* or by an attorney.

[5] It is the respondent's position that Logan's instant petition raises only one claim, a violation of the Detainers Act. (Docket No. 27 at pp. 1, 2 & n.1). However, the petition sets forth four separate grounds for relief. (Docket No. 1).

[6] Attorney Jay Martin of Nashville, Tennessee, appears to be representing Logan in connection with Logan's motion for a new trial in Davidson County Criminal Court, but Logan's instant § 2254 petition was filed *pro se*.

4

Construing the *pro se* petitioner's claims liberally, in response to the respondent's motion to dismiss his petition for failure to exhaust state remedies, the petitioner posits that his § 2254 petition should be considered exhausted due to "the absence of available State corrective process" and/or because "circumstances exist that render such process ineffective to protect the rights of the applicant," 28 U.S.C. § 2254(b)(1), due to the Davidson County Criminal Court's failure to rule on the petitioner's 2011 motion for a new trial. The court finds that the petitioner has attempted to show that the state procedure is futile, but further development of the record is necessary before the court can resolve the respondent's pending motion to dismiss. Given that the petitioner is incarcerated in Mississippi and alleges that his ability to correspond, perform legal research, and communicate with the outside world in general is severely limited, the court finds that the respondent is in the better position to provide the court with an accurate, clear, and complete record of the petitioner's underlying state criminal case.

## IV. Conclusion

The petitioner's motion to prepare an objection to motion to dismiss and memorandum in support (Docket No. 28) will be granted, and Docket No. 28 will be considered as part of the record in this case. The petitioner's motion for appointment of counsel (Docket No. 29), however, will be held in abeyance until the record in this case is more fully developed. Likewise, the respondent's motion to dismiss (Docket No. 26) will be held in abeyance pending the receipt of additional materials from the respondent.

An appropriate order will be entered.

Aleta A. Trauger
United States District Judge

5