UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| COURTNEY R. LOGAN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 3:13-cv-00743 |
| | ) Judge Trauger |
| STATE OF TENNESSEE, | ) |
| JOHN HOWERTON, Warden, | ) |
| and ROBERT E. COOPER, JR., | ) |
| | ) |
| Respondents. | ) |

## **MEMORANDUM**

The petitioner, Courtney Logan, proceeding *pro se*, is currently incarcerated at the Wilkinson County Correction Facility in Woodville, Mississippi. Presently pending before the court are Logan's petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 (Docket No. 1)[1] and motion for appointment of counsel (Docket No. 29). Also pending is motion to dismiss by the State of Tennessee. (Docket No. 26).

**I.  Background**

The court set forth the background of this case in its Memorandum entered on May 27, 2014. (Docket No. 30 at pp. 1-2). The court incorporates that recitation of facts herein.

**II.  Exhaustion of Administrative Remedies**

It is axiomatic that one may not seek federal *habeas corpus* relief until he has exhausted all

---

[1] On July 24, 2013, Logan filed his second petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 in this court, alleging that his transfer from Tennessee to Mississippi violated the Interstate Agreement on Detainers Act, his due process rights are being violated by the states and/or courts of Tennessee and Mississippi, he received ineffective assistance of counsel by Tennessee trial counsel, and he has been denied access to courts and counsel while being extradited to and incarcerated in Mississippi. (Docket No. 1). His first petition, filed on April 23, 2012, was dismissed without prejudice to refile once Logan exhausted his state court remedies. (Case No. 3:12-cv-00550)(Sharp, J.).

1

available state remedies or demonstrated their inadequacies. 28 U.S.C. § 2254(B); *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995). Any alleged constitutional deprivation must be asserted through the state appellate process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, [the Supreme Court] conclude[s] that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id*. The burden is on the petitioner to demonstrate compliance with the exhaustion requirement or that the state procedure would be futile. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Section 2254(b)(1) states in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b); *Rose v. Lundy*, 455 U.S. 509 (1982).

### III.     Respondent's Motion to Dismiss for Failure to Exhaust State Remedies

The State of Tennessee seeks dismissal of the petitioner's instant § 2254 petition on grounds that he has failed to exhaust available state remedies. (Docket No. 26). The petitioner, however, alleges that he cannot accomplish an exhaustion of state remedies because the Davidson County Criminal Court refuses to rule on his 2011 amended motion for a new trial and because he lacks access to Tennessee law while incarcerated in Mississippi. The petitioner contends that his § 2254

2

petition should be considered exhausted due to "the absence of available State corrective process" and/or because "circumstances exist that render such process ineffective to protect the rights of the applicant," 28 U.S.C. § 2254(b)(1).

Recognizing the petitioner's attempt to demonstrate that the state court procedure is futile but finding that further development of the record was necessary before the court could resolve the matter, by Order and accompanying Memorandum entered on May 27, 2014, the court directed the respondents to provide a report on the status of the petitioner's criminal case (No. 2009-C-2822) originating in 2010 in Davidson County Criminal Court. (Docket Nos. 30 and 31).

On June 25, 2014, the respondents filed a status report (Docket No. 34) and the docket sheet in the petitioner's underlying criminal case (Docket No. 35). The respondents' status report clarifies that the petitioner's criminal case is not yet final due to the petitioner's pending amended motion for a new trial–a motion that has, in fact, been pending in state court since February 2011. Evidently, the delay in resolving this motion is due, at least in part, to the petitioner's desire to be present during the hearing and the State of Mississippi's inability or unwillingness to transport the petitioner from Mississippi, where he is presently incarcerated, to Tennessee.[2]

The respondents state that, in an attempt to resolve this apparent impasse, they researched potential solutions and determined that the petitioner has no constitutional right to appear at his new trial hearing. (Docket No. 34 at p. 4). Having so determined, the respondents state that they contacted General Zimmerman and asked him to facilitate the reconvening of the new trial motion

---

[2]As the court noted in its prior Memorandum (Docket No. 30 at p. 4), as recently as November 4, 2013, the petitioner's attorney, Jay Martin of Nashville, was attempting to arrange a video appearance for the petitioner with the Mississippi Department of Corrections with regard to his "client whose motion for a new trial hearing has been pending for two years because we can't seem to get him transported back from Mississippi where he is serving a lengthy sentence." (Docket No. 24 at pp. 32-34).

without the petitioner, and General Zimmerman has indicated that he intends to do so. (*Id.*)

Leaving for the state court to resolve the issue of whether the petitioner's presence is constitutionally required at the new trial hearing,[3] the respondents' representation as to General Zimmerman's intention to reconvene the petitioner's hearing on the new trial motion necessarily negates the petitioner's "absence of available State corrective process" theory. The court acknowledges the petitioner's frustration over having waited **over three years** for the State to act. Nevertheless, at this time, it appears that the State now intends to act and, as such, the court cannot find that the instant petition is exhausted due to the State's failure to resolve the amended motion for a new trial. However, should the State fail to promptly schedule and hold a hearing on the petitioner's February 2011 amended motion for a new trial in Case No. 2009-C-2822, the court may reconsider all rulings related to the matter.

**IV.    Conclusion**

For the reasons explained herein, the record does not demonstrate that the petitioner has exhausted his state court remedies. Therefore, the State of Tennessee's motion to dismiss (Docket No. 26) will be granted for failure to exhaust state court remedies,[4] the petition will be denied, and this action will be dismissed **without prejudice** to refile once the petitioner has exhausted his state court remedies. The dismissal is also without prejudice with regard to the petitioner's ability to refile actions under 28 U.S.C. § 2241.

---

[3] It appears that the petitioner attempted to litigate this issue in part previously when he asked the Tennessee Supreme Court to issue a writ of mandamus to the Circuit Court for Davidson County to conduct a hearing on his motion for new trial. In his petition for writ of mandamus, the petitioner noted that he had not waived his right of appearance at the hearing, which was set for October 14, 2011. (Docket No. 25-1 at p. 700). The Tennessee Supreme Court denied the petition, noting that it was an appellate court only, and "[t]he writ of mandamus in the pending petition pertains to a trial court proceeding and does not aid an appellate function." (*Id.*)

[4] Because the court dismisses the petition for failure to exhaust state court remedies, at this time the court will not reach the merits of the petitioner's claims, such as those claims under the Interstate Agreements on Detainers Act.

The petitioner's motion for appointment of counsel (Docket No. 29) will be denied as moot.

An appropriate order will be entered.

Aleta A. Trauger
United States District Judge