# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **COURTNEY R. LOGAN,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **No. 3:13-cv-00743** |
| **v.** | ) | **Judge Trauger** |
| | ) | |
| **STATE OF TENNESSEE, *et al.,*** | ) | |
| | ) | |
| **Respondents.** | ) | |

## <u>MEMORANDUM</u>

Presently pending before the court is a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 filed by Courtney R. Logan, a prisoner incarcerated at the Northwest Tennessee Correctional Complex in Tiptonville, Tennessee (Doc. No. 1), as well as the petitioner's motions for discovery and appointment of counsel (Doc. No. 65) and seeking permission to supplement record (Doc. No. 70). The respondents have filed a motion to dismiss the habeas petition. (Doc. No. 72).

## I.        Background

A Davidson County jury convicted the petitioner of attempted first-degree murder and employment of a firearm for involvement in his codefendant's prison escape and subsequent shooting of a Nashville police officer during a traffic stop. *See State v. Loga*n, No. M2014-01687-CCA-R3- CD, 2015 WL 5883187, at *1 (Tenn. Crim. App. Oct. 8, 2015), *perm. app. denied* (Tenn. Oct. 8, 2015). The trial court sentenced the petitioner to a total effective sentence of thirty-one years imprisonment. *Id.* On direct appeal, the Tennessee Court of Criminal Appeals affirmed the judgments of the trial court in all respects, except that it remanded for entry of a corrected judgment showing a conviction for employment of a firearm during the flight or escape from the attempt to

attempt a dangerous felony in count 3 and either redacting the word "Violent" and leaving the 100% release eligibility designation or using the "Special Conditions" section of the judgment form to specify that Logan received a sentence of six years at one hundred percent release eligibility for his conviction under Tennessee Code Annotated § 39-17324(b)(4). *Id*. at *17. The Tennessee Supreme Court denied discretionary review. *Id*.

While Logan' motion for new trial was still pending in Tennessee, he was transferred to Mississippi, where he was convicted of five counts of kidnapping, one count of aiding escape, and one count of felon in possession of a firearm. *See Logan v. State*, 192 So. 3d 1012, 1015 (Miss. Ct. App. 2015). For those crimes, he received seven consecutive sentences of life in prison without the possibility of parole. *Id*. The Mississippi Court of Appeals affirmed the judgments, and the Mississippi Supreme Court denied discretionary review. *Logan v. State*, 202 So. 3d 1267 (Miss. 2016).

The petitioner filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 in this case in 2013, which the court dismissed without prejudice for failure to exhaust available state court remedies. (*See* Doc. Nos. 36 & 37). The petitioner later filed a motion to reinstate his habeas corpus proceedings, claiming to have exhausted. (Doc. No. 41). The respondents then filed a motion to dismiss for failure to exhaust (Doc. No. 50) and, on August 9, 2016, the court granted the motion and dismissed this action a second time without prejudice to refile once the petitioner exhausted his state court remedies. (Doc. Nos. 59 and 60).

On July 22, 2019, the petitioner filed a notice of exhaustion, once again seeking to reopen his federal habeas corpus proceedings. (Doc. No. 64). On July 24, 2019, the court ordered the respondents to provide the state court record and to file a response. (Doc. No. 66). The respondents

subsequently filed a motion to dismiss, asserting that the petitioner still has not exhausted his state court remedies. (Doc. No. 72).

## II.     Exhaustion of Administrative Remedies

Section 2254(b)(1) states in pertinent part:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-
(A)     the applicant has exhausted the remedies available in the courts of the State; or
(B)     (i)     there is an absence of available State corrective process; or
        (ii)    circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b); *Rose v. Lundy*, 455 U.S. 509 (1982). It is axiomatic that one may not seek federal habeas corpus relief until he has exhausted all available state remedies or demonstrated their inadequacies. 28 U.S.C. § 2254(B); *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995). Any alleged constitutional deprivation must be asserted through the state appellate process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, [the Supreme Court] conclude[s] that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id*. The burden is on the petitioner to demonstrate compliance with the exhaustion requirement or that the state procedure would be futile. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

## III.    Respondents' Motion to Dismiss for Failure to Exhaust State Remedies

The respondents seek dismissal of the petitioner's § 2254 petition on grounds that he still has not exhausted his available state remedies (Doc. No. 72), despite his assertion to the contrary upon asking the court to reopen this case. (Doc. No. 64).

The respondents have submitted the docket sheet of the petitioner's post-conviction proceedings. (Doc. No. 74). As of August 13, 2019, Logan's post-conviction petition remains pending before the Tennessee Court of Criminal Appeals. (*Id.*) According to that court's docket sheet, the case was submitted on briefs last month, but the court has not yet rendered an opinion. (*Id.*)

Because the petitioner's post-conviction proceedings are still ongoing, he has not yet exhausted his state court remedies for the underlying judgments at issue in this case. Therefore, Logan's federal habeas petition must be dismissed, for a third time, without prejudice until the petitioner properly exhausts his state court remedies. *Rose*, 455 U.S. at 522.

## IV. Conclusion

For the reasons explained herein, the record does not demonstrate that the petitioner has exhausted his state court remedies. Therefore, the respondents' motion to dismiss (Doc. No. 72) will be granted for failure to exhaust state court remedies, the petition will be denied, and this action will be dismissed without prejudice to refile once the petitioner has exhausted his state court remedies. The dismissal is also without prejudice with regard to the petitioner's ability to refile actions under 28 U.S.C. § 2241.

The petitioner's pending motions (Doc. Nos. 65 and 70) will be denied as moot.

An appropriate order will be entered.

ENTER this 15th day of August 2019.

Aleta A. Trauger
United States District Judge