IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| COURTNEY R. LOGAN, | ) |
| Petitioner, | ) |
| | ) No. 3:13-cv-00743 |
| v. | ) |
| | ) Judge Trauger |
| STATE OF TENNESSEE, *et al.*, | ) |
| Respondents. | ) |

## MEMORANDUM OPINION AND ORDER

Petitioner Courtney R. Logan is a prisoner incarcerated at the Hardeman County Correctional Complex in Whiteville, Tennessee. He first filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 in this court in 2013. (Doc. No. 1).

Presently pending before the court are two motions filed by the petitioner: Motion for Miscarriage of Justice (Doc. No. 100) and a Request for Discovery (Doc. No. 103).

**I. Procedural History**

In 2014, the court dismissed Logan's petition without prejudice to refile once the petitioner exhausted his state court remedies. (Doc. Nos. 36 and 37). In 2016, the court reopened the case upon request of the petitioner, but later dismissed the petition without prejudice because the petitioner had not yet exhausted his state court remedies. (Doc. Nos. 59 and 60). In 2019, the court reopened the case upon the request of the petitioner, who claimed that he had exhausted his state court remedies. (Doc. No. 66). However, by order and accompanying memorandum opinion entered on August 15, 2019, the court granted the respondents' motion to dismiss (Doc. No. 73), denied the petition, and dismissed this action without prejudice because the petitioner's state post-conviction proceedings were ongoing. (Doc. Nos. 75 and 76).

1

The petitioner later submitted a letter to this court regarding the circumstances of his conviction in which he stated that he is "still seeking justice." (Doc. No. 84 at 1). As there was no petition currently pending before the court, by order entered on January 19, 2021, the court advised the petitioner that he could not litigate this action or any action in this court by way of notices or letters to the court. (Doc. No. 85). The petitioner did not file anything again until December 11, 2023.

At that time he filed a "Motion Miscarriage of Justice Violation of 18 USC 241 and 18 USC 241 Ineffective Assistance of Counsel Appointment" (Doc. No. 86), Motion to Appoint Counsel (Doc. No. 88), Motion to Stay the Proceedings and Hold the Petition in Abeyance (Doc. No. 89), Motion to Take Judicial Notice (Doc. No. 90), Motion to Take Judicial Notice of the Arrest Warrant Issued in General Sessions on Behalf of Davidson County Officials (Doc. No. 93), Motion to Take Judicial Notice of the B.O.L.O. by Mississippi Officials (Doc. No. 94), and "Motion Request for Discovery" (Doc. No. 95).

By Order entered on April 8, 2024, the court denied the petitioner's Motion for Miscarriage of Justice without prejudice and declined to reopen this case at that time. (Doc. No. 98). Likewise, the court denied the petitioner's Motion to Stay the Proceedings and hold the Petition in Abeyance. (*Id*.) The court denied the petitioner's other pending motions (Doc. Nos. 88, 90, 93, 94, 95) and Application for Leave to Proceed In Forma Pauperis (Doc. No. 91) as moot.

## II. Motion to Reopen the Case

The petitioner now has filed a second Motion for Miscarriage of Justice (Doc. No. 100) supported by a memorandum of law (Doc. No. 101). It appears that the petitioner is attempting to reopen this action.

2

Because it was unclear from the petitioner's most recent filings whether he had exhausted all available remedies in state court, the court directed the respondent to inform the court of the status of the petitioner's underlying state court proceedings. (Doc. No. 104). The respondent has responded as ordered. (Doc. No. 106). According to the respondent, the petitioner has no relevant state-court litigation pending in Tennessee at this time. (*Id*. at 1). The respondent states that he has no objection to the court granting the petitioner's request to reopen this case. (*Id*. at 2).

Accordingly, the petitioner's Motion for Miscarriage of Justice (Doc. No. 100), which the court construes as a motion to reopen this case, is **GRANTED**. The Clerk is **DIRECTED** to reopen this case.

**III. Request for Discovery**

The petitioner also has filed a Request for Discovery (Doc. No. 103) in which he asks the respondent to produce a "DVD interrogation" conducted by the Nashville Police Department on June 25, 2009. (*Id*. at 1). "Courts can 'allow a petitioner to engage in discovery upon a showing of good cause.'" *Wilson v. Williams*, No. 4:20-cv-00794, 2020 WL 4548246, at *1 (N.D. Ohio. Aug. 6, 2020). This standard requires "reason to believe that the petitioner[s] may, if the facts are fully developed, be able to demonstrate that [they are] entitled to relief." *Bracy v. Gramley*, 520 U.S. 899, 909-910 (1997).

The petitioner's Request for Discovery does not explain why he requests the June 25, 2009 DVD. He does not explain how this DVD, if provided, will demonstrate that the petitioner is entitled to relief. Thus, the petitioner has not made a showing of good cause for the discovery he requests. His Request for Discovery (Doc. No. 103) is **DENIED WITHOUT PREJUDICE**.

**IV. Next Steps**

After conducting a preliminary review of Petitioner's Section 2254 petition[1] under Rule 4, Rules – Section 2254 Cases, it is not readily apparent that Petitioner is not entitled to relief. Consequently, Respondent is **ORDERED** to file an answer, plead, or otherwise respond to the petition in conformance with Rule 5, Rules — § 2254 Cases, within 60 days of the date of entry of this Order.

By the same date, Respondent also shall file the complete state court record relevant to this matter, including the complete trial court record, the complete record on direct appeal, and the complete trial and appellate court record in connection with any state petition for collateral relief including, but not limited to, transcripts for all proceedings and rulings on any state petition. *See* Habeas Rules 5(c) & (d). Respondent's notice of filing shall include a comprehensive index indicating the precise location of each distinct part of the relevant record (*e.g.,* plea proceedings, pre-trial hearing transcripts, voir dire, each portion of trial testimony, trial exhibits, jury instructions, verdict, each party's briefs at each level of appeal, each court's final ruling on appeal and collateral proceedings, etc.). The record shall be organized and appropriately indexed, and distinct parts of the record should be electronically bookmarked for ease of reference in identifying documents relevant to the state court proceedings.

If Respondent files an answer, the answer must comply with the requirements set forth in Habeas Rule 5. The answer shall address each alleged ground for relief and shall be fully briefed with citations to the state court record and to governing Supreme Court precedent. For each claim, the answer shall, at a minimum: (1) assert any procedural defenses; (2) identify the clearly

---

[1] The petitioner has submitted one petition for writ of habeas corpus. (Doc. No. 1). That document is the operative pleading in this case. The petitioner has been advised that he cannot litigate this action by way of notices, letters, and supplements. (*See* Doc. No. 85).

established Supreme Court precedent governing the claim; (3) state whether the claim was exhausted in state court; (4) cite the state court's ruling for exhausted claims; and (5) respond to Petitioner's argument that he or she is entitled to habeas relief on the claim with appropriate reasoned legal and factual argument. Failure to comply with these requirements may result in Respondent being directed to file a new answer in conformance with these requirements.

Petitioner may file a reply to Respondent's answer limited to disputing specific points of fact or law raised by the answer within 30 days of the date the answer is filed. The court will consider the matter ripe for review if Petitioner fails to file a reply, or to seek additional time to file a reply, within 30 days of the date the answer is filed.

In lieu of an answer, Respondent may file a motion. If Respondent files a motion, the motion shall comply with the requirements of the Federal Rules of Civil Procedure, *see* Habeas Rule 12, and where relevant, shall address the issues of exhaustion, timeliness, second or successive petitions, and/or other appropriate matters. In those instances, Respondent need not file the complete state court record at the time of filing his or her motion.

Petitioner may file a response to Respondent's motion within 30 days of the date the motion is filed. If Petitioner fails to timely respond to Respondent's motion, or fails to seek additional time to respond, the court may construe Petitioner's failure to respond as Petitioner's agreement that the motion has merit and may grant the motion without further briefing. Respondent may file a reply, or seek additional time to file a reply, within 15 days of the date Petitioner's response to the motion is filed.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge

5

Case 3:13-cv-00743    Document 107    Filed 07/07/25    Page 5 of 5 PageID #: 1991